IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRINIDAD C. ENRIQUEZ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COUNTRYWIDE HOME LOANS, FSB;<br>TRINITY FINANCIAL, LLC, JOHN<br>DOES 1-100; JANE DOES 1-100,<br>AND DOE CORPORATIONS,<br>PARTNERSHIPS AND OTHER<br>ENTITIES 1-100,<br><br>　　　　Defendants. | CIVIL NO. 10-00405 LEK-RLP |

## ORDER DENYING COUNTRYWIDE'S MOTION TO DISMISS

Defendant Countrywide Home Loans, FSB, now known as Bank of America, ("Countrywide") filed the instant Motion to Dismiss Plaintiff's First Amended Complaint Filed November 23, 2011 ("Motion") on December 14, 2011.[1]  Plaintiff Trinidad C. Enriquez ("Plaintiff") filed her Memorandum in Opposition on January 23, 2012.  Countrywide did not file a reply.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority,

---

[1] On December 20, 2011, Countrywide filed two errata to submit the Declaration of Counsel and Exhibit A, which Countrywide inadvertently omitted when it filed the Motion.

Countrywide's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Plaintiff filed her original Complaint on July 16, 2010 against Countrywide and Defendant Trinity Financial, LLC ("Trinity"),[2] along with various Doe Defendants (collectively "Defendants"). The factual allegations in this case are set forth in this Court's Order Granting in Part and Denying in Part Defendant Countrywide Home Loans, FSB's Motion to Dismiss, or in the Alternative, for a More Definite Statement, filed on August 31, 2011 ("8/31/11 Order"). 2011 WL 3861402.

Plaintiff's original Complaint asserted the following claims: Count I – violation of the Home Ownership Equity Protection Act, 15 U.S.C. § 1639, *et seq.* ("HOEPA"); Count II – violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"); Count III – violation of the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"); Count IV – violation of the Fair Credit Reporting Act ("FCRA"), in violation of 15 U.S.C. § 1681 *et seq.*; Count V –fraudulent misrepresentation; Count VI – breach of fiduciary duty; Count VII – civil conspiracy; Count VIII – a civil claim for a Racketeer Influenced and Corrupt Organizations Act ("RICO") violation,

---

[2] Trinity has not appeared in this action. There is no indication in the record that Plaintiff served either the original Complaint or the First Amended Complaint on Trinity.

under 18 U.S.C. § 1962(c); Count IX - complaint to quiet title; Count X - mistake; Count XI - unconscionability; Count XII - unfair and deceptive acts or practices ("UDAPs"), in violation of Haw. Rev. Stat. § 480-2 and § 481A-3; Count XIII -failure to act in good faith; Count XIV - recoupment; Count XV -negligent and/or intentional infliction of emotional distress ("NIED/IIED"); Count XVI - violation of the Gramm-Leach-Bliley Act ("GLBA"), in violation of 15 U.S.C. § 6801, *et seq.*; Count XVII - violation of the right to privacy under the Hawai`i Constitution; Count XVIII - violation of Regulation B regarding the Consumer Credit Protection Act; and Count XIX - violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679a, *et seq.*

Countrywide filed its Motion to Dismiss, or in the Alternative, for a More Definite Statement ("Motion to Dismiss") on March 28, 2011, pursuant to Federal Rule of Civil Procedure 12(b)(6) alleging that each count of the Complaint failed to state a claim upon which relief can be granted.

The Court granted Countrywide's Motion to Dismiss with prejudice on: the portion of Count IV alleging a violation of 15 U.S.C. § 1681s-2(a); the portion of Count XII (UDAP) based on alleged TILA and HOEPA violations; Count XIV (recoupment); Count XVI (GLBA); Count XVII; the portion of Count XVIII (ECOA) based on the failure to provide a copy of the loan application; and Count XIX (CROA). The Court dismissed the following counts

without prejudice: Count I (HOEPA); Count II (RESPA); the portion of Count III asserting a TILA damages claims; the portion of Count IV (FCRA) alleging a violation of 15 U.S.C. § 1681s-2(b); Count V (fraudulent misrepresentation); Count VI (breach of fiduciary duty); Count VII (civil conspiracy); Count VIII (civil RICO claim); Count IX (quiet title); Count X (mistake); Count XI (unconscionability); Count XII (UDAP), except to the extent that the claim is based on alleged TILA and HOEPA violations; Count XIII (failure to act in good faith); Count XV (IIED & NIED); and the portion of Count XVIII (ECOA) based on the failure to provide a copy of the appraisal. The Court denied Countrywide's Motion to Dismiss as to Plaintiff's TILA rescission claim in Count III. 8/31/11 Order, 2011 WL 3861402, at *28.

The Court gave Plaintiff until September 22, 2011 to file a motion seeking leave to file a First Amended Complaint, cautioning Plaintiff that the failure to timely file a motion seeking leave to file an attached First Amended Complaint would result in the automatic dismissal of all of Plaintiff's claims, with the exception of the TILA rescission claim, with prejudice. Id.

Plaintiff filed a First Amended Complaint on November 23, 2011. This amended complaint only alleges Count I - violations of TILA. [First Amended Complaint at ¶¶ 67-70.]

The TILA claim alleges that Plaintiff has the right to rescind the transaction due to Defendants' failure to provide her with the required disclosures. Plaintiff alleges that Defendants were aware of the disclosures but failed to provide them to Plaintiff. She first received notice of these disclosures in BAC Home Loans Servicing, LP's ("BAC") response to her qualified written requests on August 17, 2010. The First Amended Complaint states that Plaintiff elects to rescind the transaction "through this public complaint, which is intended to be construed, for purposes of this claim, as a formal notice of rescission[.]" [Id. at ¶¶ 68-70.] Plaintiff seeks a judgement of rescission and other appropriate relief.

In the instant Motion, Countrywide argues that Plaintiff has "failed again to provide any basis for allowing her TILA rescission claim to proceed[.]" [Mem. in Supp. of Motion at 1.] Specifically, Countrywide argues that Plaintiff's rescission claim under TILA is time-barred unless equitable tolling applies. [Id. at 6.] According to Countrywide, 15 U.S.C. § 1635(f) contains a three-year statute of repose, which is not subject to equitable tolling. [Id. at 5 (citing 15 U.S.C. § 1635(f); Cannon v. US Bank, NA, Civ. No. 11-00079 HG-BMK, 2011 WL 1637415, at *6 (D. Hawai`i Apr. 29, 2011) (citing Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002))).] Further, the right to rescission is not self-executing and requires plaintiffs

5

to notify their creditors in order to enforce this right.  [Id. at 5-6 (citing 15 U.S.C. § 1635(a)).]  The parties consummated the loan transaction on July 18, 2007.[3]  Plaintiff commenced this action on July 16, 2010, alleging for the first time in her original Complaint that she had elected to rescind the subject mortgage loan under § 1635(a).  Plaintiff attempts to use the Complaint as "formal notice of rescission."  Thus, Countrywide argues that the claim is time-barred.  [Id. at 6.]

     Countrywide further argues that Plaintiff is not entitled to equitable tolling because she "pleads no facts indicating that any of the Defendants prevented Plaintiff from discovering the alleged TILA violation or somehow caused Plaintiff to allow the filing deadline to pass."  [Id. at 6-7 (citing O'Donnell v. Vencor Inc., 466 F.3d 1104, 1112 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)))).]  Plaintiff failed to assert facts to support an inference that she did not have a reasonable opportunity to discover the alleged

---

[3] Countrywide submitted the subject Mortgage and Note with one of the Errata to its Motion as Exhibit A.  [Dkt. no. 55-2.]

6

TILA violations between the consummation of the loan in July 2007 to the filing of her Complaint in July 2010.  [Id. at 7.] Further, Plaintiff failed to plead facts indicating how Countrywide prevented Plaintiff from discovering the alleged TILA violation.  [Id. at 7.]  Plaintiff did not make an effort to discover the TILA violation until she sent Countrywide a qualified written request and demand letter on July 16, 2010. [Id. at 7.]

Countrywide therefore asks the Court to dismiss the remaining TILA rescission claim in Plaintiff's First Amended Complaint with prejudice.

In her Memorandum in Opposition, Plaintiff argues that her First Amended Complaint "states a claim that no TILA disclosures were made, this was done deliberately, and Plaintiff is entitled to rescission and damages."  [Mem. in Opp. at 8.] Plaintiff refers to paragraph 52 of the First Amended Complaint alleging that she sent Countrywide a qualified written request and demand letter.  She also refers to paragraph 70 alleging that her first notice of these disclosures was on August 17, 2010 contained in BAC's response to her qualified written requests. [Id. at 7.]  Thus, Countrywide and BAC did not make disclosures in compliance with TILA prior to August 17, 2010.  [Id.] Plaintiff argues that it is "[t]he court's duty to construe the complaint liberally and resolve all ambiguities in Plaintiff's

7

favor." [Id. at 8 (citing Yang v. Home Loan Funding, Inc., 2010 WL 670958 (E.D. Cal. 2010)).]

Plaintiff contends that the law "does not favor dismissals as sought here."  The Court therefore should allow her to litigate the claim on its merits.  If Countrywide deliberately concealed the disclosures, Plaintiff argues that the Court should allow her to prove this and to rescind the transaction based on Countrywide's TILA violations.  [Id.]

Plaintiff therefore requests that the Court deny Countrywide's Motion "because the complaint states a claim for relief and proper notice is provided regarding the nature and extent of the claim[.]"  [Id.]

## **STANDARD**

Fed. R. Civ. P. 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

> Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment.  See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).  However, courts may "consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

> On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 554, 127 S. Ct. 1955).

Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., Inc., 693 F. Supp. 2d 1192, 1195-96 (D. Hawai`i 2010).

This Court, however, notes that the tenet that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. Id. at 1950.

## DISCUSSION

### I. Rescission

While Countrywide argues that Plaintiff's TILA rescission claim is not ripe because she failed to provide Countrywide with notice, Plaintiff contends that her original Complaint constituted proper notice under TILA. This district

9

court has previously recognized that:

> Pursuant to 15 U.S.C. § 1635(a), a borrower has a right to rescind a loan transaction "until midnight of the third business day following the consummation of the transaction or delivery of the information and rescission forms required under this section together with a statement containing [the required disclosures]." When the required disclosures are not provided, as alleged here, the right to rescission expires three years after consummation of the transaction or sale of the property. 15 U.S.C. § 1635(f). Unlike the one-year statute of limitations governing the recovery of damages, TILA's three-year statute of repose on rescission is not subject to equitable tolling. [Miguel, 309 F.3d at 1164] (citing [King v. California, 784 F.2d 910, 913 (9th Cir. 1986)]). The United States Supreme Court has held that the three-year statute of repose under 15 U.S.C. § 1635(f) "completely extinguishes the right of rescission at the end of the 3-year period." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998).

Cannon, 2011 WL 1637415, at *6.

A borrower elects to rescind the transaction "by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so." § 1635(a). "[T]he Ninth Circuit has made clear that an obligor who wishes to cancel a loan must provide actual notice within the three year limitation period to the actual holder of the loan when the notice is given." Zakarian v. Option One Mortg., Corp., 642 F. Supp. 2d 1206, 1213 (D. Hawai`i 2009) (citing Miguel, 309 F.3d at 1164-65).

The Code of Federal Regulations clarifies the proper means to provide notice, explaining that a borrower exercises the right to rescind with notice to the creditor "by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission, or if sent by other means, when delivered to the creditor's designated place of business." 12 C.F.R. § 226.23(a)(2).

Although the Ninth Circuit has not addressed whether a complaint is sufficient "written communication" to serve as a consumer's notice of rescission, other courts have held that "the filing of the complaint constitutes statutory notice of rescission pursuant to 12 C.F.R. § 226.23(a)(3)." Taylor v. Domestic Remodeling, Inc., 97 F.3d 96, 100 (5th Cir. 1996); see also Elliott v. ITT Corp., 764 F. Supp. 102, 106 (N.D. Ill. 1991) ("[The] defendants did not succeed in bringing to our attention a case explicitly holding that filing of a complaint is not proper 'written communication' sufficient to notify a creditor of a rescission claim, and we decline to make that finding without appropriate authority."). Nothing in the statute precludes a consumer from exercising the right of rescission through service of a complaint. While the Court recognizes that it is customary for a consumer to provide a creditor with notice of rescission by sending a letter prior to the filing a civil action, this Court concludes a complaint may also constitute notice as "other means

11

of written communication."

Plaintiff's July 16, 2010 Complaint seeking rescission was timely filed within the three year statute of repose, which would have expired on July 18, 2010. Further, her Complaint fulfilled the intent of the notice requirement by providing Countrywide with notice that she was electing to rescind the loan transaction and allowing Countrywide sufficient time to respond.

The Court therefore FINDS that Plaintiff provided Countrywide with proper and timely notice of rescission through her original Complaint.

Insofar as this Court finds that Plaintiff's original Complaint was sufficient "written communication" to exercise her TILA rescission rights within the three year statute of repose, this Court need not address Countrywide's equitable tolling argument.

## CONCLUSION

On the basis of the foregoing, Countrywide's December 14, 2011 Motion to Dismiss Plaintiff's First Amended Complaint Filed November 23, 2011 is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 28, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**TRINIDAD C. ENRIQUEZ V. COUNTRYWIDE HOME LOANS, FSB, ET AL; CIVIL NO. 10-00405 LEK-RLP; ORDER DENYING COUNTRYWIDE'S MOTION TO DISMISS**